## Case No. 14,430.
### UNITED STATES v. ALLEN.
[9 Ben. 154; [1] 9 Chi. Leg. News, 330; 23 Int. Rev. Rec. 192.]

District Court, S. D. New York. May, 1877.

INTERNAL REVENUE—SUCCESSION TAX—LEGATEE.

1. By the will of H., his executors were directed to apply the income of a legacy to the use of his cousin, F., and on the death of F. to pay the legacy, which amounted to $10,000, to such person as F. might appoint. The legacy was taxed, as though payable instanter to F., the sum of $300, under subdivision 3, § 111, Act July 1st, 1862 [12 Stat. 485]. F. died, and appointed the defendant, A., a stranger in blood to H. and to F., as the person to receive the legacy, and A. received the same. More than six years afterwards suit was brought by the United States, in personam, against A., to recover $600, claimed to be due to the United States from him as a tax on the legacy. Held, that sections 111, 112, Act 1862, so far as they impose a tax in personam, impose it only on the executor or trustee and not on the legatee or cestui que trust.

2. As it is not provided that a suit shall lie against the legatee in personam, to recover the tax, but that proceedings in the nature of proceedings in rem shall be brought to enforce and realize the lien on the property of the deceased, judgment must be entered for the defendant.

[Cited in U. S. v. Trucks' Adm'r, 27 Fed. 542.]

[This was a suit by the United States against Horatio P. Allen to recover the interest on an unpaid legacy.]

R. M. Sherman, U. S. Asst. Dist. Atty.

D. R. Jacques and H. P. Allen, for defendant.

BLATCHFORD, District Judge. This suit has been tried by the court on an agreed written statement of facts. The suit is an action against the defendant, in personam. In the complaint, the plaintiffs claim to recover from the defendant the sum of $600, with interest from the 1st of April, 1869. The complaint alleges, that, on that day, the defendant received, and became entitled to the possession and enjoyment of, a legacy of $10,000, under the last will of one Harsen, theretofore deceased, upon which the tax imposed by law upon legacies has not been paid; that the defendant was a stranger in blood to Harsen; and that thereupon, by force of the statute, there became due and payable from the defendant to the plaintiffs a duty or tax at the rate of $6 for every $100 of the amount of said legacy, to wit the sum of $600. Harsen died December 31st, 1862, leaving a will, which was admitted to probate February 3rd, 1863. In his will he directed his executors to invest the sum of $10,000, and apply the income thereof to the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

use of his cousin, one Fay, and on her death to pay over the said sum of $10,000 to such person or persons as she might appoint, to which person or persons he gave and bequeathed the said sum of $10,000. The legacy was taxed as though payable instanter to Fay, and, on the 11th of February, 1864, the executors of Harsen paid to the United States thereon, as such tax, the sum of $300, being the full tax on the entire amount of $10,000, under subdivision 3 of section 111 of the act of July 1st, 1862 (12 Stat. 485), according to the relationship of Fay to Harsen, which was that of a cousin. The executors deducted the $300 from the $10,000 and invested the balance, $9,700. Fay died April 10th, 1869. By her will, which was proved September 28th, 1869, she appointed the defendant, who was a stranger in blood to Harsen and to her, as the person to receive said legacy, and, on October 1st, 1869, the $9,700 was paid over to him.

The answer of the defendant insists that neither as a legatee under the will of Harsen, nor as the receiver of the money or of the legacy, did he become liable to pay any duty or tax thereon, nor did there, by force of any statute of the United States, become due or payable from him to the United States any duty or tax whatsoever.

By section 111 of the act of 1862, it is provided, "that any person or persons having in charge or trust, as administrators, executors or trustees, of any legacies or distributive shares arising from personal property, of any kind whatsoever, where the whole amount of such personal property, as aforesaid, shall exceed the sum of one thousand dollars in actual value, passing from any person who may die, after the passage of this act, possessed of such property, either by will or by the intestate laws of any state or territory, shall be, and hereby are. made subject to a duty or tax, to be paid to the United States, as follows, that is to say: * * * Third. Where the person or persons entitled to any beneficial interest in such property shall be * * * a descendant of a brother or sister of the father or mother of the person who died possessed as aforesaid, at and after the rate of three dollars for each and every hundred dollars of the clear value of such interest. * * * Fifth. Where the person or persons entitled to any beneficial interest in such property * * * shall be a stranger in blood to the person who died possessed as aforesaid * * * at and after the rate of five dollars for each and every hundred dollars of the clear value of such interest." Section 112 of the same act provides, "that the tax or duty aforesaid shall be a lien and charge upon the property of every person who may die as aforesaid, until the same shall be fully paid to and discharged by the United States;" that "every executor, administrator or other person who may take the burden or trust of administration upon such property shall, after taking

such burden or trust, and before" distributing any portion of such property to legatees, pay to the proper collector the amount of such duty or tax, and make to the assistant assessor a sworn statement of the amount of such property, and of the amount of duty thereon, which statement shall contain the names of each and every person entitled to any beneficial interest therein, together with the clear value of such interest, and shall be delivered by the assistant assessor to the collector; and that, on such payment and delivery of statement, the collector shall grant to such person paying such duty or tax a receipt for the same, which "shall be sufficient evidence to entitle the person who paid such duty or tax, as having taken the burden or trust of administering such property or personal estate, to be allowed for such payment by the person or persons entitled to the beneficial interest, in respect to which such tax or duty was paid, and such person administering such property or personal estate shall be credited and allowed such payment by every tribunal which, by the laws of any state or territory, is or may be empowered to decide upon and settle the accounts of executors." The same section then goes on to provide, that, if "such person who has taken the burden or trust of administering upon any such property or personal estate" shall refuse or neglect to pay such tax or to deliver such sworn statement or shall deliver a false statement as to legacies or names or relationship, or shall not truly set forth therein the clear value of such beneficial interest, "the proper officer of the United States shall commence such proceedings in law or equity, before any court of the United States, as may be proper and necessary to enforce and realize the lien or charge upon such property or personal estate. or any part thereof, for which such tax or duty has not been truly and justly paid. Under such proceedings the rate of duty or tax enforced shall be the highest rate imposed or assessed by this act, and shall be in the name of the United States, against such person or persons as may have the actual or constructive custody or possession of such property or personal estate, or any part thereof, and shall subject such property or personal estate, or any portion of the same, to be sold upon the judgment or decree of such court, and from the proceeds of such sale the amount of such tax or duty, together with all costs and expenses of every description, to be allowed by such court, shall be first paid, and the balance, if any, deposited according to the order of such court, to be paid, under its direction, to such person or persons as shall establish their lawful title to the same."

These provisions of law, so far as they impose a tax in personam. impose it only on the executor or trustee. They do not impose it on the legatee or cestui que trust. The executor is made subject to the tax, not the

legatee. The executor is to pay the tax, not the legatee. The executor is to make the statement, not the legatee. The executor is to receive the receipt from the collector, not the legatee. If the executor neglects to pay the tax, or to deliver the statement, or violates the requirements of the statute, it is not provided that a suit shall lie against the legatee, in personam, to recover the tax, but that there shall be proceedings to enforce and realize the lien on the property or personal estate of the deceased. Those proceedings are to be in the nature of proceedings in rem, to subject the property of the deceased in the hands of any person who may have the custody or possession of it, to sale, to pay the tax. The present suit is not a proceeding of that character. It was commenced more than six years after the executors paid the legacy to the defendant. There is no allegation, in the complaint, that the defendant has the custody or possession of any of the property of the deceased, or of any of the money which was paid to him as and for the legacy. The complaint is based on the personal liability of the defendant, and no such liability is created by the statute. Judgment must be entered for the defendant.