UNITED STATES *v.* TRUCKS' ADM'R.[1]

*(District Court, E. D. Pennsylvania.* May 4, 1886.)

1. TAXATION—LEGACY AND SUCCESSION TAXES—ACT OF CONGRESS OF JUNE 30, 1864.

    The act of congress of June 30, 1864, made legacy and succession taxes a lien on all a decedent's property, and directed the executor or administrator to pay the same to the collector.

2. SAME—SUIT AGAINST EXECUTOR OR ADMINISTRATOR.

    The act of congress contains no provision authorizing a suit against the executor or administrator on his neglecting or refusing to pay, but directs that suit *shall* be brought on the lien.

3. SAME—WHO LIABLE TO SUIT.

    The provision of the act of congress is that suit *shall* be brought against the individual in possession, and under it no other remedy can be resorted to.

Trespass on the Case.

*John K. Valentine,* for the United States.

*Bernard Gilpin* and *Samuel G. Thompson,* for defendant.

BUTLER, J. This is one of several suits on stale claims for taxes, recently brought in this court. The statute under which recovery is sought was repealed more than 15 years ago, and the alleged rights of the plaintiff accrued several years earlier. The construction of the statute involved might have been of serious importance to the government before the repeal; now it is not. It is unnecessary, therefore, to do much more than say that the plaintiff is not entitled to recover on the facts found by the jury. The statute provided a specific method for collecting tax on legacies and successions. The tax was made a lien on all the decedent's property, and the administrator or executor directed to pay it to the collector. In case he did not, the statute provided that the lien should be enforced by suit against any one having possession, and the property be sold under the judgment. There is no provision for suit against the executor or administrator; and while such suit might be sustained for the failure to pay, in the absence of express provision for enforcing the lien, (before referred to,) under existing circumstances it cannot. The direction is very specific. On the executor's or administrator's failure to pay, it provides that suit *shall* be brought against *the individual in possession* to enforce the lien. The remedy is an ample one, and there is nothing to support an implication that any other was contemplated. Where a statute provides a method for enforcing compliance with its provisions, ordinarily no other remedy can be resorted to.

While I believe the construction indicated to be the only one admissible, I incline to it the more readily because a different construction, at this time, would be likely to result in serious injustice,—or

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

danger, at least, of injustice,—by requiring individuals to pay, from their own private means, moneys which should have been paid from the legacies and distributive shares passing through their hands, and would have been so paid if the proper officers of the government had discharged their duties. Executors and administrators have been allowed to make distribution under decrees of the state courts, (which were supposed to be a protection,) in ignorance of the claims now set up. The case of *U. S.* v. *Allen*, 9 Ben. 154, did not involve this question, nor was it considered by either counsel or court. The incidental allusion to it in the opinion is wholly unimportant.

In addition to what has been said, it may be worth while to remark that the subsequent statute of 1866 does provide a remedy against the executor or administrator for *willful neglect or refusal* to pay. But no such neglect or refusal has been found in this case.