UNITED STATES *v.* TRUCK'S ADM'X.[1]

*(Circuit Court, E. D. Pennsylvania. October 16, 1886.)*

INTERNAL REVENUE — LEGACY AND SUCCESSION TAXES — ACT OF CONGRESS OF JUNE 30, 1864.

A common-law action cannot be maintained to enforce the payment of legacy and succession taxes imposed by the act of congress of June 30, 1864. That act provides a remedy which the United States must pursue where the tax has not been paid.

Writ of Error to the District Court. See 27 Fed. Rep. 541.

This was an action brought by the United States to recover legacy taxes imposed by the act of congress of June 30, 1864.

*John K. Valentine,* Dist. Atty., for the United States.

*Bernard Gilpin,* for defendant in error.

McKENNAN, J. The long delay which has attended the assertion of the claim set up in this case, and the apparent injustice of subjecting a trustee to personal liability for it, who has long since paid out the trust fund in her hands, under a judicial decree, ought to protect her from such liability, unless the right of the government to recover is entirely clear.

. The only question which it is necessary to consider is the primary one, can the United States, in view of the provisions of the act of congress imposing the tax claimed, maintain an action at common law to recover it from the defendant? It was decided by the court below that it could not. It is a rule of the common law, that where a statute creates a right, and provides a particular remedy for its enforcement, the remedy is generally exclusive of all common-law remedies. But it has been held that this rule is not applicable to the United States, unless it is expressly made so by the statute under which the claim is made. *Savings Bank* v. *U. S.,* 19 Wall. 237. By the act of 1862, and its supplements and substitutes a tax was imposed upon successions. This tax was made a lien or charge upon the property bequeathed or to be distributed, and it was made the duty of the executor, administrator, or trustee to pay it; and, in case of his refusal or neglect to pay it, it is provided that "proceedings shall be commenced before any court of the United States, in the

---

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

name of the United States, against such person or persons as may have the actual or constructive custody or possession of such personal estate or property, or any part thereof; and shall subject such property or personal estate, or any portion of the same, to be sold upon the judgment or decree of such court."

The language of the act is imperative that this remedy shall be pursued if payment of the tax is not made, and that it shall be in the name of the United States. This could not be expressed in clearer or more explicit language. If it is plain, then, that congress intended that the proceedings prescribed by the statute should be the remedy pursued by the United States when the tax was not paid, then the common-law rule above stated applies, and a common-law action cannot be maintained. This is decisive of the case against the United States, and the judgment of the district court is affirmed.