UNITED STATES v. PRIEST.

(District Court, D. Massachusetts. January 19, 1914.)

No. 19 (C. C. 195).

**1. INTERNAL REVENUE (§ 8*)—LEGACY TAXES—WAR REVENUE ACT—NATURE OF TAX.**

The tax on legacies imposed by War Revenue Act June 13, 1898, c. 448, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2286), is not a tax on property, but an excise tax or duty on the passing of an absolute right in property from the dead to the living, and is a charge or lien placed on the property so transmitted for the payment of the tax; the primary duty to pay the same resting on the executor.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 11, 12; Dec. Dig. § 8.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. INTERNAL REVENUE (§ 28*)—LEGACY TAXES—COLLECTION.**

Where an executor fails to pay the legacy tax imposed by War Revenue Act June 13, 1898, c. 448, 30 Stat. 448 (U. S. Comp. St. 1901, p. 2286), the United States may bring an appropriate proceeding against him as provided by section 29 to have the tax made a lien on the property constituting the legacy in the executor's possession or control and to have the property sold to pay the tax, or, if the executor has parted with the possession and control of the property constituting the legacy, the proceeding may be instituted and maintained against any person having possession and control of the property to assert and foreclose the lien.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. § 28.*]

**3. INTERNAL REVENUE (§ 28*)—TAXATION—LEGACY TAXES—RECOVERY—REMEDY.**

Under War Revenue Act June 13, 1898, c. 448, § 30, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2308), providing that on an executor's failure to pay the tax the collector shall commence proceedings against such person or persons who may have the custody or possession of the property subject to the tax and to have the same sold, and from the proceeds the amount of the tax, together with costs, etc., shall be first paid, and the balance deposited subject to payment to those persons entitled thereto, the remedy so provided was exclusive, so that on payment of the balance of the legacy, subject to the tax, to the legatee by the executor without payment of the tax in full, the legatee was not liable in assumpsit for the balance of the tax, which could be recovered only by a proceeding to impose and foreclose a lien on the property.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 76–81; Dec. Dig. § 28.*]

Action by the United States against Fannie A. Priest to recover the legacy tax under the War Revenue Act of 1898. On demurrer to plaintiff's declaration. Sustained; action dismissed.

The United States Attorney.

Frank L. Simpson, of Boston, Mass., for defendant.

BINGHAM, Circuit Judge. This is an action of assumpsit brought by the United States against the defendant, a legatee under the will of Mary Ann Cox, to recover a legacy tax under the War Revenue Act of 1898, approved June 13, 1898, 30 Stat. L. pp. 464–466, c. 448, §§ 29, 30, 31 (U. S. Comp. St. 1901, pp. 2307–2310). The writ is dated September 24, 1906.

The plaintiff's declaration contains two counts, which read as follows:

"Count 1. And the plaintiff says that one Mary Ann Cox of Malden in said district of Massachusetts, deceased on August 22, 1898, testate; that by the third clause of her will, which was duly admitted to probate in the county of Middlesex, she bequeathed personal property valued at $4,100 to the defendant, Fannie A. Priest, for her own use for life which said life interest was of the present value of $2,045.13; that by the fourth clause of said will, said Cox bequeathed the sum of $50,000, to the said Fannie A. Priest; that by the eleventh clause of said will, said Cox authorized and empowered her executors to sell the whole or any part of the residue of her estate, and of the proceeds thereof, together with all the rest and residue of her estate, she bequeathed five-nineteenths to the said Fannie A. Priest; and the plaintiff says that five-nineteenths of the proceeds of the sales of such residue has amounted to the sum of $47,182.70, all of which bequests of personal property to the said Fannie A. Priest have amounted to the total of $99,227.83, and

have been paid over to the said defendant by the executor and administrator of said estate, and the plaintiff says that the said Fannie A. Priest was an adopted daughter of, and a stranger in blood to, the said testatrix, Mary Ann Cox.

"Wherefore, under the provisions of the statutes of the United States applicable thereto, an internal revenue tax became due to the plaintiff upon said bequests at the rate of $7.50 per $100, amounting in the whole to the sum of $7,442.09; that of said amount the sum of $1,421.90 has been paid by the executor of the said Cox, leaving a balance due of $6,020.19, which amount the executor and administrator of the estate of said Cox and the said defendant have refused and neglected to pay.

"And the plaintiff says that the collector of internal revenue for the district of Massachusetts, acting on behalf of the plaintiff, in September, 1904, duly assessed a tax or duty upon the administrator of said estate in the sum of $8,604.32, which tax included said tax upon the legacies hereinabove set forth, and on or about the 14th of June, 1906, he made demand in writing upon the administrator of said estate to pay said tax before June 30, 1906.

"And the plaintiff says that the executor and administrator of the estate of said Cox have paid over to the defendant the legacies hereinabove mentioned, under the provisions of the will of said Cox, and that the defendant is the person who now has the actual possession of such legacies, property, and personal estate.

"Wherefore the plaintiff says the defendant owes it the balance of said tax, namely, the sum of $6,020.19, with interest thereon from the 30th of June, 1906.

"Count 2 for the same cause of action:

"And the plaintiff says the defendant owes it the sum of $6,020.19 and interest thereon, according to the account annexed:

"Account Annexed.

Fannie A. Priest, Legatee under the Will of Mary Ann Cox, Deceased, to the United States of America, Dr.

(1) To internal tax due on present worth of trust of $4,100, to wit, $2,045.13 at $7.50 per $100.....................................$ 153.39
(2) To internal tax due on legacy of $50,000 at $7.50 per $100...... 3,750.00
(3) To internal tax due on $5/19$ of residuary estate, amounting to $47,182.70 at $7.50 per $100................................. 3,538.70
                                                                    ----------
    Total .......................................................... 7,442.09
(4) By internal taxes heretofore paid on interests of said Fannie A. Priest under the said will............................... 1,421.90
                                                                    ----------
    Balance due.................................................... 6,020.19"

To this declaration the defendant demurred, and assigned as grounds of demurrer the following:

"1. No facts are sufficiently set forth in the plaintiff's declaration whereby the taxes alleged in the plaintiff's declaration to be due to the plaintiff or any tax is due it as a matter of law.

"2. The plaintiff's declaration does not allege any acts done by the plaintiff or its agents whereby any tax became due and payable from the defendant to the plaintiff.

"3. No assessment by the plaintiff of any tax as is required by the provisions of the War Revenue Act of June 13, 1898, chapter 448, and acts in amendment thereof and in addition thereto, is alleged to have been made upon the defendant and in the absence of such assessment no tax is due from the defendant to the plaintiff.

"4. The plaintiff is not entitled to maintain the present action to recover a tax under the provisions of the War Revenue Act of June 13, 1898, chapter 448, and acts in amendment thereof, in addition thereto, and in repeal thereof.

"5. An action on an account annexed cannot be maintained to recover a tax under the provisions of the Act of June 13, 1898, chapter 448.

"6. The plaintiff's declaration contains no allegation of the time when the

administrator of the estate of the said Cox paid over to the defendant the legacies alleged in the plaintiff's declaration, nor of any demand upon the defendant for the payment of any tax to the plaintiff; and, without such allegation, the plaintiff is not entitled to recover any tax from the defendant nor any interest upon any tax assessed upon the administrator of said estate of said Cox.

"7. Because the interest of the defendant under the said eleventh clause of the said will of said Cox was a contingent interest, and there is no allegation that said interest became vested in possession in the defendant on or before July 1, 1902; and in the absence of such allegation the plaintiff is not entitled to recover any tax upon said interest from said defendant under the provisions of the Act of June 27, 1902 [c. 1160] 32 U. S. Stat. L. 406 [U. S. Comp. St. Supp. 1911, p. 983]."

[1] It appears from the allegations in the declaration that the defendant was a legatee under the will of Mary Ann Cox, a resident of the district of Massachusetts, who died August 22, 1898; that by said will certain bequests were made to the defendant amounting in all to the sum of $99,227.83, upon which a legacy tax amounting to. $7,442.09 was imposed under the statute of June 13, 1898, and became due to the plaintiff; that of this tax the executor of the will paid the sum of $1,421.90, and paid over to the defendant her legacy without paying the balance of the tax, amounting to $6,020.19. This suit is brought against the legatee to recover this balance. The material questions raised by the demurrer are whether the tax can be recovered in this form of action, and whether the statute or the common law creates a personal liability on the part of the legatee to pay the tax.

Section 29 of the Act of June 13, 1898, provides in substance:

"That any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from peronal property, where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the. interstate laws of any state or territory, * * * shall be, and hereby are, made subject to a duty or tax, to be paid to the United States, as follows—that is to say: Where the whole amount of said personal property shall exceed in value ten thousand and shall not exceed in value the sum of twenty-five thousand dollars the tax shall be: * * *

"Fifth. Where the person or persons entitled to any beneficial interest in such property shall be in any other degree of collateral consanguinity than is hereinbefore stated, or shall be a stranger in blood to the person who died possessed, as aforesaid, or shall be a body politic or corporate, at the rate of five dollars for each and every hundred dollars of the clear value of such interest: Provided, that all legacies or property passing by will, or by the laws of any state or territory, to husband or wife of the person died possessed, as aforesaid, shall be exempt from tax or duty.

"Where the amount or value of said property shall exceed the sum of twenty-five thousand dollars, but shall not exceed the sum or value of one hundred thousand dollars, the rates of duty or tax above set forth shall be multiplied by one and one-half. * * *

"Sec. 30. That the tax or duty aforesaid shall be * . * * a lien and charge upon the property of every person who may die as aforesaid for twenty years, or until the same shall, within that period, be fully paid to and discharged by the United States; and every executor, administrator, or trustee * * * before payment and distribution to the legatees, or any parties entitled to beneficial interest therein, shall pay to the collector or deputy collector of the district of which the deceased person was a resident, * * * the amount of the duty or tax assessed upon such legacy or distributive share; and shall also make and render to the said collector or deputy collector a

schedule. list, or statement, in duplicate, of the amount of such legacy or distributive share, together with the amount of duty which has accrued, or shall accrue, thereon, verified by his oath or affirmation, to be administered and certified thereon by some magistrate or officer having lawful power to administer such oaths, in such form and manner as may be prescribed by the Commissioner of Internal Revenue, which schedule, list or statement, shall contain the names of each and every person entitled to any beneficial interest therein, together with the clear value of such interest, the duplicate of which schedule, list, or statement shall be by him immediately delivered, and the tax thereon paid to such collector; and upon such payment and delivery of such schedule, list, or statement said collector or deputy collector shall grant to such person paying such duty or tax a receipt or receipts for the same in duplicate, which shall be prepared as hereinafter provided. * * * And in case such executor, administrator, or trustee shall refuse or neglect to pay the aforesaid duty or tax to the collector or deputy collector, as aforesaid, within the time hereinbefore provided, or shall neglect or refuse to deliver to said collector or deputy collector the duplicate of the schedule, list, or statement of such legacies, property. or personal estate, under oath, as aforesaid, or shall neglect or refuse to deliver the schedule, list, or statement of such legacies, property, or personal estate, under oath as aforesaid, or shall deliver to said collector or deputy collector a false schedule or statement of such legacies, property, or personal estate, or give the names and relationship of the persons entitled to beneficial interests therein untruly, or shall not truly and correctly set forth and state therein the clear value of such beneficial interest, or where no administration upon such property or personal estate shall have been granted or allowed under existing laws, the collector or deputy collector shall make out such lists and valuation as in other cases of neglect or refusal, and shall assess the duty thereon; and the collector shall commence appropriate proceedings before any court of the United States, in the name of the United States, against such person or persons as may have the actual and constructive custody or possession of such property or personal estate, * * * or any portion of the same, to be sold upon the judgment or decree of such court, and from the proceeds of such sale the amount of such tax or duty, together with all costs and expenses of every description to be allowed by such court, shall be first paid, and the balance, if any, deposited according to the order of such court, to be paid under its direction to such person or persons as shall establish title to the same. * * *

"Sec. 31. That all administrative, special, or stamp provisions of law, including the laws in relation to the assessment of taxes, not heretofore specifically repealed are hereby made applicable to this act."

The question arises whether the tax is the personal tax of the executor or of the legatee, or is a tax in rem.

In Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, and in Hertz v. Woodman, 218 U. S. 205, 30 Sup. Ct. 621, 54 L. Ed. 1001, the nature of the tax, the circumstances under which and the time when it is imposed were considered. In the latter case the action was brought by the executors and legatees under a will to recover back an inheritance tax which had been paid to the government under protest. It appeared that the testator died prior to July 1, 1902, and that section 29 of the Act of June 13, 1898, was repealed by the Act of April 12, 1902, c. 500, § 7, 32 Stat. 97 (U. S. Comp. St. 1901, p. 980). The act of 1902 did not go into effect until July 1, 1902, and section 8 of the act contained a saving clause. The question presented was whether a liability or obligation to pay the inheritance tax had been imposed before section 29 was repealed, so that it was a subsisting liability or obligation and was preserved by the saving clause. It was held: (1) That section 29 imposed "a tax upon the transmission, or

the right to succeed to a legacy or distributive share  *  *  *  passing after the act," following the decision in Knowlton v. Moore, 178 U. S. 41, 56, 20 Sup. Ct. 747, 44 L. Ed. 969; (2) "that the tax or duty does not attach to legacies or distributive shares until the right of succession becomes an absolute right to the immediate possession or enjoyment;" that if a legacy is given upon conditions that may never happen the legacy will not be subject to a tax or duty until the right of possession or enjoyment becomes absolute, following Vanderbilt v. Eidman, 196 U. S. 480, 25 Sup. Ct. 331, 49 L. Ed. 563; (3) that in the case under consideration "the right of succession which passed by the death of the testator was an absolute right to the immediate possession and enjoyment;" (4) that "the law  •*   *   *  operated to fasten, at the moment this right of succession passed by death, a liability for the tax," and "the occurrence of no other fact or event was essential to the imposition of a liability for the statutory tax upon the interest thus acquired;" (5) that the fact that the tax was not due and payable at the time the repealing clause took effect and would not become due until "one year after the death of the testator" (section 30 as amended by the Act of March 2, 1901 [c. 806, § 11, 31 Stat. 948 (U. S. Comp. St. 1901, p. 2310)]), did not alter the situation; and (6) that the lien given by section 30 attached when the obligation or liability for the tax arose, and not when it became due and payable.

While it was held in this case that the tax was in the nature of an excise upon the transmission of property from the dead to the living, and that where the right to the possession and enjoyment of the legacy was absolute and not conditional, the obligation to pay the tax arose immediately on the death of the testator, and that the lien given to secure the tax attached at the same time, it is apparent that the case did not involve the questions here raised, namely, whether the tax is a debt of the executor or of the legatee, and, if it is neither, whether the common law imposes a liability upon the legatee, in the nature of an implied contract, to pay the tax upon receipt of the legacy, the executor having neglected to pay it.

It would seem that the fair meaning of section 29, when read in the light of the foregoing opinion, is that the tax there imposed is not a tax upon property, but is an excise tax or duty imposed upon the passing of an absolute right in property from the dead to the living, and that a charge or lien is placed upon the property thus transmitted for the payment of the tax, and that under the statute it is primarily the duty of the executor to pay the tax out of the legacies, and that if he does so he is protected by having the payments thus made allowed in the settlement of his account as executor.

[2] If the executor fails or neglects to pay the tax when due, then, in case he has the property constituting the legacy in his possession or control, the United States is authorized to bring an appropriate proceeding against him and have the property on which the tax is made a lien levied upon to satisfy the tax.

If the executor has not only failed to pay the tax, but has parted with the possession and control of the property constituting the legacy, then a like proceeding is authorized to be brought against any

person, whoever he may be, having possession or control of the property, for the purpose of asserting the lien and satisfying the tax thereon.

[3] The provisions contained in the acts of 1862, 1864, and 1898, with reference to the matters we are considering, are practically the same, and in all the cases which have been called to my attention construing the provisions in these statutes it has been held that the government could not maintain an action at law against the executor in his representative capacity, for the reason that the tax is not a debt of the decedent's estate; and that such an action could not be maintained against him in his individual capacity, as the only proceeding authorized by the statute to be brought against him is one to subject the property constituting the legacy to the payment of the tax while it is still in his hands. United States v. Trucks, Adm. (C. C.) 28 Fed. 846; United States v. Fitts (D. C.) 197 Fed. 1007.

In the Fitts Case it appeared that F. P. Fitts died leaving surviving him his wife, Mary E. Fitts, and his son, W. B. Fitts, and that in his will he named his wife and his son as executrix and executor. Mrs. Fitts' legacy was exempt from the tax. All the legacies were distributed without the tax having been paid upon them. An action at law was brought by the United States against W. B. Fitts and Mrs. Fitts as executor and executrix to collect the tax. W. B. Fitts was defaulted. It was held that Mrs. Fitts in her representative capacity could not be holden for the tax, as it was not a debt of the decedent, and was therefore not due from her as executrix. Some discussion was indulged in as to whether the executrix and executor, prior to the distribution of the estate, could be held liable for the tax in an action at law. No conclusion, however, was reached upon the question. The conclusion of the court was that as Mrs. Fitts had parted with the possession of the property of the estate, except the legacy which she received and which was exempt from taxation, she could not be held responsible for the tax, either in her representative or individual capacity.

It has also been held that a legatee into whose hands a legacy has come, without the tax having first been paid, is not personally liable for the tax; that under such circumstances the only proceeding that can be had against him, or any person into whose hands the estate has come, is one whereby the tax can be collected out of the property on which it is a lien. United States v. Allen, 9 Ben. 154, s. c., 24 Fed. Cas. 770.

The Allen Case arose under the Act of July 1, 1862, c. 119, 12 Stat. 485. There the defendant took the position that he was not liable as legatee under the will, or as receiver of the legacy, to pay the tax; and that no tax or duty became due or payable from him to the United States by force of any statute of the United States. It was there said that:

The provisions of the act, "so far as they impose a tax in personam, impose it only on the executor or trustee. They do not impose it on the legatee or cestui que trust. The executor is to pay the tax, not the legatee. * * * The executor is to make the statement, not the legatee. The executor is to receive the receipt from the collector, not the legatee. If the ex-

ecutor neglects to pay the tax, or to deliver the statement, or violates the requirements of the statute, it is not provided that a suit shall lie against the legatee in personam, to recover the tax, but that there shall be proceedings to enforce and realize the lien on the property or personal estate of the deceased. Those proceedings are to be in the nature of proceedings in rem, to subject the property of the deceased in the hands of any person who may have the custody or possession of it, to sale, to pay the tax. The present suit is not a proceeding of that character. * * * The complaint is based on the personal liability of the defendant, and no such liability is created by the statute."

While the case is authority for the proposition that the statute does not impose a personal obligation upon the legatee to pay the tax, and the order dismissing the suit may have been a denial of the plaintiff's claim that the receipt of the legacy imposed an obligation upon him to pay the tax, the question does not appear to have been given any consideration in the opinion. The question therefore remains whether the defendant, having received her legacy, consisting largely of cash on which the tax is charged, will be held liable as upon an implied obligation to pay the tax.

In Montague, Ex'r v. State, 54 Md. 481, the court said:

"In our opinion, if an administrator or executor actually pays over money of his decedent to a collateral distributee or legatee without retaining therefrom this tax, it becomes, to the extent of the tax, money had and received by him for the use of the state, and an action like the present may be maintained against such distributee or legatee therefor"—citing Mayor, etc., of Baltimore v. Howard, 6 Har. & J. (Md.) 383, and Dashiell v. Mayor, etc., of Baltimore, 45 Md. 615.

If it be assumed that such an implied obligation would arise, the defendant contends that the United States, in view of the provisions of the act imposing the tax, cannot maintain an action at common law to recover it from the defendant; that it is a rule of the common law that when a statute creates a right, and provides a particular remedy for its enforcement, the remedy provided is exclusive of all common-law remedies. The government's answer to this is that this rule is not applicable to the United States, unless the statute, expressly or impliedly, prohibits the use of the common-law remedy. This is the very question that was decided in United States v. Trucks, Adm., supra. It was there held that the language used in that clause of the "act of 1862, its supplements and substitutes," wherein it was provided that "proceedings shall be commenced before any court of the United States, in the name of the United States, against such person or persons as may have the actual or constructive custody or possession of such personal estate or property, or any part thereof; and shall subject such property or personal estate, or any portion of the same, to be sold upon the judgment or decree of such court," was "imperative that this remedy shall be pursued if payment of the tax is not made, and that it shall be in the name of the United States;" and that "the common-law rule above stated applies, and a common-law action cannot be maintained." In this opinion it is pointed out that the United States is specially named in the statute as the party by whom the action shall be brought, and that it is impliedly prohibited from enforcing its right in any other way. See Bank v. United States, 19 Wall.

(86 U. S.) 227, 232, 22 L. Ed. 80; United States v. Chamberlin, 219 U. S. 250, 31 Sup. Ct. 155, 55 L. Ed. 204.

This was the recognized meaning of the clause at the time of its reenactment in the act of 1898, and it must be assumed that Congress, by using the same language, intended to exclude the government from using any other remedy for the collection of the tax.

The demurrer is sustained, and the action is dismissed.