### UNITED STATES v. AYER et al.

(District Court, D. Massachusetts. August 6, 1925.)

No. 2245.

1. **Internal revenue ⬥⟶26—For lien of estate tax, proper proceedings for assessment necessary.**

That lien for estate tax may be raised, proper proceeding in way of assessment is necessary.

2. **Internal revenue ⬥⟶28—Action at law by United States not authorized by provision for collector proceeding under general law.**

Action at law by the United States to collect estate tax is not authorized by Revenue Act 1918, § 408 (Comp. St. Ann. Supp. 1919, § 6336¾i), which merely provides that "collector" shall proceed under the general law.

3. **Internal revenue ⬥⟶25—Assessment of estate tax, more than four years after due, too late.**

Under Revenue Act 1921, § 1322 (Comp. St. Ann. Supp. 1923, § 6371⅘ii), assessment of an extra estate tax, being more than four years after due, is too late.

4. **Internal revenue ⬥⟶25—For assessment of extra estate tax, in case of mistake in executor's return, return by collector necessary.**

Under Revenue Act 1918, § 405 (Comp. St. Ann. Supp. 1919, § 6336¾f), there can be no assessment of an extra estate tax, because of mistake in executor's return, without a return of the collector, on which the Commissioner is required to make it.

5. **Internal revenue ⬥⟶28—No authority for action at law by United States for extra unassessed estate tax.**

There is no authority in Revenue Act of 1918 for an action at law by the United States to recover an extra estate tax, because of mistake in executor's return, there having been no return by the collector, and consequently no assessment thereof.

6. **Internal revenue ⬥⟶2—After enactment of Revenue Act of 1921, no authority for collecting estate tax accruing under act of 1916.**

Revenue Act 1918, § 1400 (Comp. St. Ann. Supp. 1919, § 6371¾a), having provided that taxes which accrued under act of 1916, should be collected under title 4 of act of 1918, and act of 1921 having repealed such title 4, no statutory authority remains for collecting an estate tax which so accrued.

At Law. Action by the United States against James C. Ayer and others, executors of Frederick Ayer, deceased. Judgment for defendants.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass.

Sherman L. Whipple and Edward O. Proctor, both of Boston, Mass., for defendants.

LOWELL, District Judge. This is an action of contract begun by the United States of America by writ dated March 10, 1924. The defendant demurred to the declaration, from which the following facts appear:

Frederick Ayer died on March 14, 1918, leaving a will, by which he appointed the defendants his executors. The defendants, on September 8, 1919, an extension of time having been granted, filed a return and paid a tax of $661,871.46. The return was incorrect, and on "October 25, 1923, the Commissioner of Internal Revenue, upon review and audit of the said return, and upon information obtained by him, determined" (paragraph 8 of the declaration) that the additional tax due was $2,521,743.29. The defendants were notified, and refused to pay. The declaration ends with the statement: "That the Commissioner of Internal Revenue authorizes and sanctions these proceedings."

The tax had accrued under the act of 1916 (39 Stat. 756), which was in force when Ayer died. Section 1405 of the statute of February 24, 1919, called the Revenue Act of 1918 (U. S. Comp. St. Supp. 1919, § 6371¾c), was in force at the time when the executors' return was filed, and before any further action was taken the statute of November 23, 1921, had superseded the 1918 act. The present case is governed

by the act of 1921, which provided that taxes which had accrued under the act of 1918 should be collected under the provisions of that act (Statute of 1921, § 1400 [b]; U. S. Comp. St. Supp. 1923, § 6371⅘m).

The provisions of the 1918 act, so far as they relate to this case, may be shortly stated. The executor must file a return section 404, U. S. Comp. Sts. Supp. 1919, § 6336¾e. The tax is due in one year after the decedent's death. Section 406, U. S. Comp. Sts. Supp. 1919, § 6336¾g. If the amount of the tax cannot be determined, a sum sufficient, in the opinion of the collector, must be paid. Section 407, U. S. Comp. Sts. Supp. 1919, § 6336¾h. If afterward this sum so paid proves to be too small, the collector shall notify the executor and demand payment. If the extra amount is not paid in 30 days, interest at 10 per cent. shall be added thereto, "and the amount of such excess shall be a lien upon the entire gross estate. * * *" Section 407, U. S. Comp. Sts. Supp. 1919, § 6336¾h). If "a return contains a false or incorrect statement of a material fact, the collector or deputy collector shall make a return and the commissioner shall assess the tax thereon." Section 405, U. S. Comp. Sts. Supp. 1919, § 6336¾f. If the "tax imposed is not paid within 180 days after it is due, the collector shall * * * proceed to collect the tax under the provisions of general law, or commence appropriate proceedings in any court of the United States, in the name of the United States, to subject the property of the decedent to be sold under the judgment or decree of the court." Section 408, U. S. Comp. Sts. Supp. 1919, § 6336¾i.

This suit raises the question whether an action may be brought at law by the United States to recover an extra tax alleged to be due from the estate of a deceased person without taking any of the steps prescribed by the statute. It should be noticed that this is not a suit by a collector. The government contends that an action at law will lie independent of and without reference to the statutory proceedings. We are not concerned in the present cause with the question whether such an action would lie where no tax had been paid. There is persuasive authority that it would not. U. S. v. Priest (D. C.) 210 F. 332, and cases cited. But that question need not now be decided.

The issue in the present case is whether an extra tax may be collected in an action at law. The proceedings necessary to impose such a tax are prescribed by the statute.

If the return is incorrect, as it was in this case, the collector or deputy collector must make a return, and the Commissioner must assess a tax thereon. This was not done. After the executors' return was filed in September, 1919, nothing was done by the taxing authorities for many years. The case slumbered. Finally, in October, 1923, the Commissioner awoke to the fact that he must do something. He "determined" the tax. The next step in this case was taken on March 10, 1924, when the United States brought the present suit 4 days before the 5-year period for bringing suit had expired. Act 1921, § 1320; U. S. Comp. Sts. Supp. 1923, § 6371⅘i.

Specific proceedings are required by the 1919 act to impose an extra tax. It is prescribed that the collector shall make a return and the Commissioner shall make an assessment thereon. Then, after notice by the collector to the executor and neglect for 180 days to pay, a lien is imposed on the estate for the amount of the excess tax.

[1] The various Revenue Acts of 1916, 1918, and 1921, like the former acts of 1862 (Act July 1, 1862, c. 119, § 112, 12 Statutes at Large, 489; see U. S. v. Allen, Fed. Cas. No. 14,430), 1864 (Act June 30, 1864, c. 173, § 125, 13 Statutes at Large, 286; see U. S. v. Trucks' Admr. [D. C.] 27 F. 541; Id. [C. C.] 28 F. 846), and 1898 (Act June 13, 1898, c. 448, § 30, 30 Statutes at Large, 448; see U. S. v. Priest [D. C.] 210 F. 332. U. S. v. Fitts [D. C.] 197 F. 1007) prescribe that the tax laid by the various acts shall be a lien on the estate.

In order that a lien may be raised, it is necessary that the proper proceedings in the way of assessment shall be followed. U. S. v. Pacific R. R. (C. C.) 1 F. 97.

[2] The government contends that the provision in section 408 of the 1918 act (U. S. Comp. Sts. Supp. 1919, § 6336¾i), that suit may be brought under the general laws, covers this case. This contention is unsound, and need not be further considered, because that section provides that the collector shall proceed under the general laws, and this suit is not an action by the collector.

[3, 4] The government relies also on section 404 of the 1918 act (U. S. Comp. Sts. Supp. 1919, § 6336¾e) that "the Commissioner shall make all assessments of the tax under the authority of existing administrative special and general provisions of law relating to the assessment and collection of taxes." This section does not apply, for the

reason that no assessment was made in the manner required by the statute. In the declaration it is stated that the Commissioner "determined" the tax. Just what the effect of this "determination" was supposed to be it is difficult to conceive. It was a proceeding unknown to the act. If intended for an assessment, it was too late. Act 1921, § 1322; U. S. Comp. Sts. Supp. 1923, § 6371-⅘ii. But it was not an assessment, as an assessment must be made by the Commissioner on the return of the collector or deputy collector (Act 1918, § 405; U. S. Comp. Sts. Supp. 1919, § 6336¾f), and no such return was made.

[5] It seems clear that, whatever the collector might do in the way of bringing suit, and this question need not be determined at present, there is no authority for an action at law by the United States. The principal cases cited by the United States are Dollar Sav. Bank v. U. S., 19 Wall. 227, 22 L. Ed. 80, U. S. v. Chamberlain, 219 U. S. 250, 31 S. Ct. 155, 55 L. Ed. 204, U. S. v. Tilden, Fed. Cas. No. 16,519, and Keith v. Johnson (C. C. A.) 3 F.(2d) 361.

The first case, as well as the second, is distinguishable from the present one. Judge Blatchford, in U. S. v. Tilden, above cited, thus states the law:

"Whether the tax be one on income, or on undistributed earnings of a bank added to its contingent fund, or on a legacy or a succession, or on any other subject of tax, or a tax of a fixed percentage is imposed by the statute on a subject or object which is so definitely described in the statute that its amount or value, on which the fixed per centum is to be calculated, can be ascertained and determined, on evidence, by a court, a suit for the tax will lie, without an assessment, and the defense set up in this case is no bar to the suit. Such I understand to be the purport of the decisions of the Supreme Court." 28 Fed. Cas. at page 168.

In the present case the statute by its very terms describes a situation to which the decisions cited do not apply. They apply only to a case where the tax may be easily determined, but section 407 of the Act of 1918 provides specifically that, "if the amount of the tax cannot be determined," then certain specific proceedings must be had. The cases cited, therefore, are not in point.

In Keith v. Johnson (C. C. A.) 3 F.(2d)

361, on which the government also relies, that portion of the opinion which relates to the present question was not necessary for the decision of the issue. It should also be noted that the cases of Dollar Sav. Bank v. U. S., U. S. v. Chamberlain, and U. S. v. Tilden are distinguished in the two very able cases of U. S. v. Fitts (D. C.) 197 F. 1007, where the opinion was delivered by Judge Mayer, and U. S. v. Priest (D. C.) 210 F. 332, where the opinion was delivered by Judge Bingham.

[6] In the foregoing discussion it has been assumed that the act of 1918 applied to the collection of the tax against the estate of Frederick Ayer. It is extremely doubtful, however, if this is the fact. The estate of Frederick Ayer was first subject to the act of 1916, then to the act of 1918, and finally to the act of 1921. The act of 1918 provided (section 1400; U. S. Comp. Sts. Supp. 1919, § 6371¾a) that taxes which had accrued under the 1916 act should be collected under title 4 of the 1918 act. The act of 1921 repealed title 4 of the act of 1918, and provided as follows (section 1400b; U. S. Comp. Sts. Supp. 1923, § 6371⅘m):

"The parts of the Revenue Act of 1918 which are repealed by this act shall * * * remain in force for the assessment and collection of all taxes which have accrued under the Revenue Act of 1918."

It is apparent, both on principle (Page v. Skinner [C. C. A.] 298 F. 731) and by the terms of the 1918 act, that the tax on the estate of Frederick Ayer accrued, not under the act of 1918, but under the act of 1916. As no provision is made in the act of 1921 for collecting taxes which had accrued under the act of 1916, there remains no statutory authority for the collection of such taxes.

For the reasons, then, that in my opinion an action at law will not lie by the United States to collect an extra tax, and for the further reason that, if it might have been brought under the act of 1918 before the passage of the act of 1921, the effect of the enactment of the latter act is such that there is now no statutory authority for collecting taxes which accrued under the act of 1916, I find for the defendants.

Judgment may be entered for the defendants.