AYER et al. v. WHITE, Collector of Internal Revenue.

No. 2737.

Circuit Court of Appeals, First Circuit.

Jan. 3, 1933.

Joseph A. Locke, of Boston, Mass., for appellants.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an action at law brought in the United States District Court for the District of Massachusetts by the executors of the will of Frederick Ayer, who died in March, 1918, to recover estate taxes alleged to have been illegally assessed and collected to the amount of $95,879.35.

Briefly, the facts which form the basis of this litigation are as follows: On or about September 8, 1919, in pursuance of the Federal Estate Tax Law approved September 8, 1916 (39 Stat. 777, §§ 201–212), as amended by the acts approved March 3, 1917 (39 Stat. 1002, §§ 300, 301), and October 3, 1917 (40 Stat. 324, §§ 900, 901), the plaintiffs as executors of the will of Frederick Ayer filed the following return with the collector of internal revenue, which showed an estate tax of $661,871.48, which was paid to the defendant's predecessor in office. See United States v. Ayer (C. C. A.) 12 F.(2d) 194, 195:

| | |
|---|---|
| Real estate | $1,084,935.70 |
| Gifts and transfers | 120,000.00 |
| Stocks and bonds | 3,565,019.11 |
| Shares in jointly owned property | 00.00 |
| Mortgages, notes and miscellaneous | 1,392,381.45 |
| **Total gross estate** | **$6,162,336.26** |

| | | |
|---|---|---|
| Funeral expense | $ | 5,618.42 |
| Administration expense: | | |
| Executor's fee | | 15,000.00 |
| Attorney's fee | | 25,000.00 |
| Miscellaneous | | 11,409.87 |
| Claims against estate: | | |
| Mortgages | | 00.00 |
| Debts of decedent | | 1,167.133.06 |
| Net losses during administration | | 00.00 |
| Support of dependents | | 00.00 |
| State inheritance tax | | 00.00 |
| Other charges allowed by local law | | 00.00 |
| Specific exemption | | 50,000.00 |
| **Total deductions** | | **1,274,161.35** |
| **Net estate** | | **$4,888,174.91** |

Having determined upon information furnished him that the return filed by the executors did not represent the true amount of the gross and net estate, the Commissioner of Internal Revenue afterward determined that the true amount of the gross and net estate of the decedent and of the additional estate tax due was as follows:

| | |
|---|---|
| Real estate | $ 1,080,935.70 |
| Gifts and transfers | 13,103,948.26 |
| Stocks and bonds | 3,612,921.04 |
| Mortgages, notes and miscellaneous | 1,409,914.45 |
| Total gross estate | $19,207,719.45 |
| Total deductions | 1,284,049.71 |
| Net estate | $17,923,669.74 |
| Total tax | 3,183,614.77 |
| Total tax discharged on basis of return | 661,871.48 |
| Additional tax due | $ 2,521,743.29 |

In October, 1923, the Commissioner brought an action against the executors to recover what he thus determined to be the additional tax due from this estate.

To his declaration the executors filed a demurrer, which was sustained by the District Court, but was overruled by this court on April 23, 1926 (see United States v. Ayer et al., supra), and the case was remanded

with leave for the defendants to plead to the merits.

In January, 1927, without pleading to the merits, the executors made a written offer of $596,155.41 in compromise of the suit and in settlement of the liability set forth in the declaration, which was refused. The important part of said offer, as bearing on the issues in the case now before this court, is as follows:

"It is alleged in said suit that a series of transfers by the estate of the undersigned were made in contemplation of death, and that certain valuations were in fact greater than those returned.

"The undersigned, as their defense, assert, inter alia, that said transfers were none of them made in contemplation of death under the provisions of law applicable thereto, and that the valuations returned were the correct valuations; * * * by reason whereof the executors say that under the terms of the Revenue Act of 1918, § 407, they have paid to the Internal Revenue Department the entire tax for which either the estate or the undersigned, either individually or as executors, are liable.

"After conference with the attorneys having charge of said suit, and having been advised of the privilege of submitting an offer in compromise of the alleged liability which it is sought in said suit to enforce, the sum of $596,155.41 is hereby tendered voluntarily with the request that it be accepted as a compromise offer and that release be granted the undersigned from entire liability for the claim represented in said suit No. 2245 in said District Court" [now reported in 7 F. (2d) 478].

March 27, 1927, the executors made an additional offer of compromise in writing of $403,844.59, making its total compromise offer in settlement of the tax liability of the estate and of this action, $1,000,000. The important part of the second offer is as follows:

"* * * Making a total offer of $1,000,-000, in compromise of the liabilities asserted in the suit by the United States against James C. Ayer et al., Executors of the Estate of Frederick Ayer, deceased, now pending in the United States District Court for the District of Massachusetts, at law No. 2245, 7 F.(2d) 478, to recover estate taxes, interest and penalties alleged to be due from the defendants, and any liability against said Executors, as such, or as individuals, and said estate, in connection with the estate tax under any Revenue Act imposed upon the transfer of the net estate of Frederick Ayer, deceased, as more particularly shown on the above mentioned previous offer on Form 656, heretofore submitted and made a part hereof."

This compromise offer of $1,000,000 was accepted by the Commissioner of Internal Revenue in a letter dated April 1, 1927, the terms of which are as follows:

"Washington, April 1, 1927.

"Messrs. James C., Charles F. and Frederick Ayer, 141 Milk Street, Boston, Mass.

"Sirs: The Commissioner of Internal Revenue has considered the proposition submitted by you on March 24, 1927, through the Collector of Internal Revenue, Boston, Massachusetts, as compromise of liabilities on account of alleged additional estate tax due from the estate of Frederick Ayer, deceased, under the Revenue Acts of 1916 and 1917, in the amount of $2,521,743.29, and accrued interest from March 14, 1919; of the liability of the estate and of the executors, individually and as executors; and in settlement of the suit now pending in the United States District Court for the District of Massachusetts, same being No. 2245 on the Law Docket thereof, entitled United States v. James C. Ayer et al. and has decided, with the advice and consent of the Secretary of the Treasury and the concurrence of the Attorney General, to close the case by the acceptance of the following terms:

"$1,000,000.00 in lieu of the alleged additional tax and accrued interest; in lieu of the liability of the estate and of the defendants, individually and as executors; and in settlement of the above-mentioned suit."

On March 24, 1931, the present action was brought by the executors under section 51 of the Judicial Code (28 USCA § 112) to recover federal estate taxes collected by the defendant from the plaintiffs, and wrongfully and illegally withheld from the plaintiffs under instructions of the Commissioner of Internal Revenue.

The plaintiffs' declaration sets forth the above facts as to the suit by the United States, and the several offers of compromise and the final acceptance and settlement and dismissal of the action brought by the United States.

To the declaration the defendant demurred, and as grounds of demurrer sets forth that the offer of compromise and its acceptance settled the entire tax liability of the estate of Frederick Ayer, and in effect settled not only the gross, but the net estate

for determining the tax liability, including all permissible deductions.

The defendant also contends that the only tax collected by him as an estate tax was the sum paid in consequence of the acceptance of the compromise offer, and the executors cannot recover any part of a sum voluntarily paid, with full knowledge of the facts, as a compromise settlement of an action brought by the United States to collect a tax; and as to any sum originally paid in September, 1919, upon the filing of the return, the statute of limitations bars an action for recovery; and to recover a sum paid to a former collector, the action must be against the United States.

We think the judgment of the District Court must be affirmed.

The original return discloses that the executors claimed therein deductions for counsel fees and administration expenses. The fact that no claim was then made for state inheritance taxes may be explained by the fact that at that time, according to the ruling of the Treasury Department, payments for state inheritance taxes were not proper deductions. The significant fact, however, is that the executors claimed deductions to an amount which presumably they considered sufficient to cover all proper sums for the deductible items enumerated.

Under the declaration in the action by the United States to collect additional estate taxes in determining the net estate on which the additional tax liability was computed, the Commissioner allowed all the deductions which had been claimed by the executors up to that time, and nearly $10,000 additional. That suit, therefore, was not merely to collect additional taxes by reason of certain alleged gifts in contemplation of death, though that was the chief basis for the large amount of the additional tax liability, but included the adjustment of the entire tax liability by a redetermination of the gross estate by reason of the alleged gifts in contemplation of death, and of the net estate by subtracting all the allowable deductions of which the Commissioner had notice up to that time. The account set forth in the declaration in that action showed a complete readjustment of the tax liability of the estate, and from the form of the compromise offers and the letter of acceptance, we think the parties understood that the entire tax liability of the estate was thereby extinguished, and all claims for deductions were also adjusted.

The executors, of course, knew from the statement in the declaration that the Commissioner, in determining the additional tax liability, had allowed nearly $10,000 as additional deductions to that claimed in the executors' original return. They must also have known at the time of the compromise offer that there were expenses of administration in addition to those claimed as deductions in their original return. They had already paid certain state inheritance taxes. With this knowledge they made an offer of compromise of a suit brought, not merely to recover an estate tax on certain gifts in contemplation of death, but to recover a sum, as an estate tax, in addition to what had already been paid, and determined by deducting from the gross estate all allowable deductions then claimed by the executors and made known to the Commissioner, and applying the rates fixed by law to the net estate thus determined.

The offer of the executors was tendered with the request that it be accepted, and a release be granted the executors from entire liability for the claim presented in the action by the government, or, as stated in the second offer, "in compromise of the liabilities asserted in the suit by the United States against James C. Ayer et al., Executors of the Estate of Frederick Ayer, deceased, now pending in the United States District Court for the District of Massachusetts, at Law No. 2245, 7 F.(2d) 478, to recover estate taxes, interest and penalties alleged to be due from the defendants, and any liability against said Executors, as such, or as individuals, and said estate, in connection with the estate tax under any Revenue Act imposed upon the transfer of the net estate of Frederick Ayer, deceased."

This offer was accepted by the government in lieu of the liability of the estate and of the defendants individually and as executors, and in settlement of the above-mentioned suit.

We do not think the executors can now say that they made this offer with a reservation, not disclosed to the government, of a right to make claims for further deductions made up of expenses of administration and state inheritance taxes, a part of which, at least, had already been determined and paid.

It is unnecessary to consider the other grounds urged by the defendant in support of its demurrer.

The judgment of the District Court is affirmed.